**Kadri HAJDARAJ, Petitioner,**

v.

**Alberto GONZALES, Attorney General of the United States, Respondent.**

No. 05–6557–ag.

United States Court of Appeals, Second Circuit.

Nov. 2, 2006.

Cheryl R. David, New York, N.Y. for Petitioner.

R. David Powell, Assistant United States Attorney, (David E. Nahmias, United States Attorney for the Northern District of Georgia), Atlanta, Ga., for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. JOSEPH M. McLAUGHLIN, Hon. CHESTER J. STRAUB, Circuit Judges.

### SUMMARY ORDER

Petitioner Kadri Hajdaraj, a former resident of Kosovo—an area that was formerly part of Serbia and now an international protectorate operated under the auspices of the United Nations—seeks review of a November 7, 2005 decision of the Board of Immigration Appeals (BIA) summarily affirming the decision of Immigration Judge (IJ) Adam Opaciuch denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). *In re Kadri Hajdaraj,* No. A79 443 284 (B.I.A. Nov. 7, 2005), *aff'g* No. A79 443 284 (Immig. Ct. N.Y. City August 6, 2004). We assume the parties familiarity with the relevant facts, procedural history, and specification of issues on appeal.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005). We review de novo the agency's conclusions of law, as well as its appli-

cation of law to particular facts. *See Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

Even assuming that the IJ erred in finding that Hajdaraj did not suffer past persecution "on account of" his ethnicity or political views, substantial evidence supports the IJ's determination that conditions in Kosovo have changed fundamentally since NATO intervened and the UN administration took over in 1999. The background materials indicate that interethnic violence has been decreasing in recent years. The IJ's finding is supported by a letter from the State Department concerning Hajdaraj's application, which stated that although "[t]here were several instances of Serb violence against Albanian .... the majority of murders of Kosovar Albanians ... apparently were connected to family and economic rivalries and criminal activities." This conclusion is supported by evidence in the record from the 2003 State Department's Country Report on Human Rights Practices for Serbia and Montenegro's statement that "attacks on and threats against Kosovo Albanian political figures" continue, but although "local observers often blamed these attacks on rival political party members[,][n]onpolitical motives, including clan rivalry and common criminality were also suspected in some cases." *See also Islami v. Gonzales,* 412 F.3d 391, 398 (2d Cir.2005) (holding that the government had established changed circumstances that rebutted applicant's claim of future persecution "center[ing] on alleged scattered incidents of

continued harassment and abuse of ethnic Albanians."). Given this evidence, the conclusion of the IJ is supported by substantial evidence, and asylum-and, a fortiori, withholding of deportation-claims must fail. *See Islami,* 412 F.3d at 398. Further Hajdaraj did not adduce sufficient evidence to show that he was likely to be tortured if returned to Kosovo, the IJ's denial of CAT relief was amply supported by substantial evidence. *See id.*

For the foregoing reasons, the petition for review is DENIED.